## Case No. 3,060.

### In re COMMERCIAL BULLETIN CO.

### BUCKNER v. JEWELL et al.

[2 Woods, 220;[1] 14 N. B. R. 286; 8 Chi. Leg. News, 330; 3 N. Y. Wkly. Dig. 12; 1 La. Law J. 176.]

Circuit Court, D. Louisiana. April Term, 1876.

BANKRUPTCY—LIEN OF LANDLORD FOR RENT—OCCUPATION BY ASSIGNEE.

1. A landlord cannot prove, as a claim against a bankrupt's estate, a demand for rent which accrued after the bankruptcy.

2. But neither the bankrupt nor the assignee can claim to occupy leased premises after the bankruptcy without paying the rent in full.
[Cited in Re Ives, Case No. 7,116.]

3. If either the bankrupt or the assignee continues to occupy the leased premises after the bankruptcy, he is liable for the rent, and the landlord has the same lien upon the goods on the premises as he has upon the goods of other tenants.

4. Where a bankrupt's assignee occupied, after the bankruptcy, for storing the goods of the bankrupt's estate, premises which had been leased to the bankrupt, it was no answer to a demand for rent by the landlord, for the assignee to say that all the assets of the estate had been consumed by the general expenses of the bankruptcy.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

The petitioner [James Buckner] leased a store, 133 Gravier street, New Orleans, to the bankrupt, for five years, commencing October 1, 1871, at an annual rent of $3,200, payable in monthly installments of $266.66. The lessee became bankrupt January 9, 1872, having paid all arrears of rent up to that time. The assignees [W. L. Jewell and E. E. Norton] were appointed in April, and took possession of the premises, and refused to give up possession to the landlord. They paid him rent, however, from time to time, to the amount of $650. He sued for nine months rent, which accrued during the occupation by the assignees, less the said payment of $650—the amount demanded being $1,750 besides interest. He only demanded judgment against the assignees for the proceeds of the property of the bankrupt, which was in the building, on which he claims he had a lien. For the balance he asked a general judgment, with the privilege of coming in pro rata with the other creditors. The assignees filed an answer, and with it an account, showing that the proceeds of the estate amounted to $2,492.40, of which $1,500 was from the goods in the leased premises; but they claimed credit for the whole amount for the general expenses of the bankruptcy, including their own fees and the $650 paid to the petitioner, and claimed to have the petition dismissed.

J. H. Kennard, W. W. Howe, and S. S. Prentiss, for petitioner.

Lionel A. Sheldon and Singleton & Browne, contra.

BRADLEY, Circuit Justice. The position of the assignees is untenable. A landlord cannot prove against a bankrupt's estate for rent which accrues after the bankruptcy; and neither the bankrupt nor the assignee can claim to occupy the leased premises thereafter without paying the rent in full, unless it has been prepaid by the bankrupt. If they continue to occupy the premises they are liable personally for the rent; and the landlord has his lien on their goods on the premises the same as against other tenants. For rent thus accruing after the bankruptcy, the landlord has nothing to do with the expenses of the estate. They are nothing to him. They cannot be deducted from his rent. If an assignee continues to occupy leased premises of the bankrupt, he ought always to make some definite arrangement with the landlord, unless he expects and is willing to pay the accruing rent. This being the case, the petition for the rent is like any action for rent, and is subject to like rules and proceedings. I think I was mistaken, therefore, in refusing a jury trial in this case. If the assignees wish it they may have it; but the petitioner ought in that case to be allowed to amend his petition and claim a judgment for the whole rent due. If the assignees elect to let the case stand without a jury, the petitioner

may have such judgment as he asks, namely, that the assignees be compelled to pay him the proceeds of the goods which were on the leased premises, less the expenses of sale, and have a judgment for the balance to come in pro rata with the other creditors. The assignees must within ten days, file a written election which course they will pursue.